# EXHIBIT A

Case 1:26-cv-03200-GLR    Document 1-1    Filed 08/13/26    Page 1 of 26



Couls
Vaugt
300 RIVER PLACE DR STE 1700
DETROIT MI 48207-4457

$18.69   US POSTAGE
FIRST-CLASS IMI
Jul 08 2026
Mailed from ZIP 48207
3 OZ FIRST-CLASS MAIL FLATS RATE
ZONE 4
11923275



063S0011485640

**USPS CERTIFIED MAIL**

**9436 0118 9876 5521 1194 15**

RESTRICTED
DELIVERY

L. L. BEAN, INC. D/B/A L.L BEAN
C/O THE CORPORATION TRUST, INCORPORATED
2405 YORK RD STE 201
LUTHVLE TIMON MD 21093-2252



# CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

CIVIL DIVISION
111 N. Calvert Street
Baltimore, Maryland 21202
Main: 410-333-3733
Civil: 410-333-3722
Criminal: 410-333-3750
Family: 410-333-3709/3738
Juvenile: 443-263-6300

**To:**  L. L. BEAN, INC. D/B/A L.L BEAN
C/O THE CORPORATION TRUST, INCORPORATED
2405 YORK ROAD, SUITE 201
LUTHERVILLE TIMONIUM, MD 21093-2264

|  |  |
|---|---|
| **Case Number:** | C-24-CV-26-004678 |
| **Other Reference Number(s):** | |
| **Child Support Enforcement Number:** | |

**ZACHARY KAHN, ET AL. VS. L. L. BEAN, INC. D/B/A L.L.BEAN**

Issue Date: 07/07/2026

## WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

ZACHARY KAHN
831 E Belvedere Ave
Baltimore MD  21212

This summons is effective for service only if served within 60 days after the date it is issued.

*Xavier A. Conaway*

Xavier A. Conaway
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.
It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.

**Circuit Court for Baltimore City**

**Zachary Kahn, et al. vs. L. L. Bean, Inc. d/b/a L.L.Bean**          Case Number: **C-24-CV-26-004678**

2.  Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3.  Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4.  If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

**Zachary Kahn, et al. vs. L. L. Bean, Inc. d/b/a L.L.Bean**

**Circuit Court for Baltimore City**
**Case Number: C-24-CV-26-004678**

## SHERIFF'S RETURN
### (please print)

To:  L. L. BEAN, INC. D/B/A L.L.BEAN

_____  ID# _____ of the _____
Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served _____
                                                                Name of person served

on _____ at _____
              Date of service                                              Location of service

_____ by _____ with the following:
                                                                Manner of service

☐ Summons                                    ☐ Counter-Complaint
☐ Complaint                                   ☐ Domestic Case Information Report
☐ Motions                                      ☐ Financial Statement
☐ Petition and Show Cause Order    ☐ Interrogatories
☐ Other _____
              Please specify

(2) Was unable to serve because:

☐ Moved left no forwarding address     ☐ No such address
☐ Address not in jurisdiction               ☐ Other _____
                                                                        Please specify

Sheriff fee: $                                    ☐ waived by

_____        _____
          Date                              Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:
1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

E-FILED; Baltimore City Circuit Court
Docket: 7/7/2026 11:52 AM; Submission: 7/7/2026 11:52 AM
Envelope: 27228573

IN THE CIRCUIT COURT FOR
BALTIMORE CITY, MARYLAND

**ZACHARY KAHN**
831 E Belvedere Ave
Baltimore, Maryland 21212

**JOHN FITZPATRICK**
1800 Vincenza Drive
Sykesville, Maryland 21784
individually and on behalf of all others
similarly situated,

Plaintiffs,

v.

**L. L. BEAN, INC.**
d/b/a L.L.Bean
15 Casco Street
Freeport, Maine 04033

Service through:
The Corporation Trust, Incorporated
2405 York Road, Suite 201
Lutherville Timonium, Maryland 21093-2264

Defendant.

Case No.   C-24-CV-26-004678

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## I.    INTRODUCTION

1.    This is a putative class action under Maryland law brought to address deceptive and unlawful commercial email marketing directed to Maryland consumers. Maryland's Commercial Electronic Mail statute prohibits the transmission of commercial electronic mail to an email address the sender knows or should know is held by a Maryland resident when the subject line contains false or misleading information with the capacity, tendency, or effect of deceiving the recipient, including under Md. Code Ann., Com. Law § 14-3002(b)(2)(iii).

2.    Defendant L. L. Bean, Inc. does business as L.L.Bean. Defendant markets and sells clothing, outerwear, footwear, outdoor equipment, bags, travel products, home goods, gifts, and related consumer products through L.L.Bean retail stores, llbean.com, catalogs, and related marketing channels.

3.    Defendant markets its products by sending promotional emails to consumers, including Maryland consumers. These emails often promote holiday sales, Christmas-shipping deadlines, free-shipping offers, promotional credits, percentage-off discounts, limited-time offers, and other commercial offers in the subject line.

4.    Several of Defendant's subject lines were false and misleading because they represented that Christmas-shipping deadlines, free-shipping offers, promotional credits, sales, discounts, or promotions were ending, expiring, in their final day, available only that night, available only for a short time, or otherwise time-limited, when the same or materially similar offers were later extended, continued, reinstated, or materially replicated after the stated deadline.

5.    There is nothing unlawful about a legitimate shipping deadline, a legitimate free-shipping offer, or a legitimate extension of a sale or shipping deadline. But when a business tells consumers in commercial email subject lines that Christmas shipping or free shipping ends tonight, that it is the last chance, or that tomorrow is too late, and then shortly afterward tells consumers that the same or materially similar shipping or promotional offer has been extended, the business creates false urgency and misleads recipients about the true terms and duration of the promotion.

2

6. False urgency is material to consumers. Recipients who believe a sale, shipping deadline, free-shipping offer, promotional credit, or other commercial offer is about to expire are more likely to open the email, engage with the promotion, visit the seller's website, make a purchase, or make a purchasing decision sooner than they otherwise would have.

7. Plaintiffs Zachary Kahn and John Fitzpatrick are Maryland citizens who received Defendant's deceptive commercial email advertisements while they were physically located in Maryland. Plaintiffs bring this action on behalf of themselves and similarly situated Maryland recipients of Defendant's misleading commercial emails.

## II.    PARTIES

8. Plaintiff Zachary Kahn is a citizen of Maryland. He resides and is domiciled in Baltimore City, Maryland.

9. Plaintiff Kahn moved from Washington, D.C. to Baltimore City, Maryland in February 2018. He has lived at his current Baltimore City address since May 2021.

10. At relevant times, Plaintiff Kahn was physically located in Maryland when he received the commercial emails at issue in this case.

11. Plaintiff Kahn first purchased from L.L.Bean and first received an L.L.Bean email on or about February 15, 2013. Plaintiff Kahn made another L.L.Bean purchase on or about December 1, 2020, after which he began receiving L.L.Bean promotional emails more regularly. Plaintiff Kahn next purchased from L.L.Bean online on or about December 12, 2024 and December 10, 2025. The challenged emails identified below were sent to Plaintiff Kahn after he moved to his current Baltimore City address. Plaintiff Kahn received and retained the representative emails identified below natively in his personal email inbox while he was physically located in Maryland.

12. Plaintiff Kahn does not recall creating an L.L.Bean online account and has not located evidence that he maintained one. Plaintiff Kahn does not remember agreeing to L.L.Bean's online terms or any arbitration agreement or class-action waiver. Plaintiff Kahn has not had an

3

L.L.Bean credit card, entered an L.L.Bean giveaway or sweepstakes, participated in an L.L.Bean Outdoor Discovery Program or other special program, used an L.L.Bean app, joined a rewards program, or signed up for L.L.Bean text messages/SMS. Plaintiff Kahn is not aware of having agreed to any arbitration agreement or class-action waiver with Defendant in connection with his receipt of L.L.Bean promotional emails.

13.    Plaintiff John Fitzpatrick is a citizen of Maryland and resides in Sykesville, Maryland.

14.    Plaintiff Fitzpatrick has lived in Maryland for approximately 73 years. At relevant times, Plaintiff Fitzpatrick was physically located in Maryland when he received the commercial emails at issue in this case.

15.    Plaintiff Fitzpatrick has received L.L.Bean promotional emails for at least five years and has been an L.L.Bean customer for decades. Plaintiff Fitzpatrick received the challenged emails at his personal email address while he was physically located in Maryland. Plaintiff Fitzpatrick received and retained representative L.L.Bean promotional emails dating back to at least November 2025, including the December 2025 emails identified below.

16.    Plaintiff Fitzpatrick purchased from L.L.Bean online, as far as he knows. Plaintiff Fitzpatrick does not remember agreeing to L.L.Bean's online terms or any arbitration agreement or class-action waiver. Plaintiff Fitzpatrick has never had an L.L.Bean credit card, entered an L.L.Bean giveaway or sweepstakes, participated in an L.L.Bean Outdoor Discovery Program, maintained an L.L.Bean online account, or signed up for L.L.Bean text messages/SMS. Plaintiff Fitzpatrick is not aware of having agreed to any arbitration agreement or class-action waiver with Defendant in connection with his receipt of L.L.Bean promotional emails.

17.    Defendant L. L. Bean, Inc. is a Maine corporation that does business as L.L.Bean and operates, controls, directs, or is responsible for the L.L.Bean brand, the website www.llbean.com, L.L.Bean retail stores, L.L.Bean catalogs, the sender domain e4.llbean.com, and the L.L.Bean commercial email marketing program.

4

18.     Defendant is registered to do business in Maryland as a foreign corporation. The Maryland Department of Assessments and Taxation identifies Defendant as L. L. Bean, Inc., Department ID Number F06226336, a foreign corporation in good standing, with a principal office at Casco St, Freeport, Maine 04033, and resident agent The Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093-2264.

19.     Defendant uses L.L.Bean, llbean.com, L.L.Bean retail stores, catalogs, info@e4.llbean.com, llbean@llbean.com, and related digital marketing channels to market and sell consumer products to consumers throughout the United States, including Maryland consumers.

20.     Defendant sent, authorized, controlled, directed, benefited from, or caused to be sent the commercial electronic mail messages at issue in this case.

### III.     JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction over this civil action under Maryland law and the Maryland Rules governing class actions.

22.     This Court has personal jurisdiction over Defendant because Defendant is registered to do business in Maryland, maintains a Maryland resident agent, purposefully transacts business in Maryland, markets and sells products to Maryland consumers, operates an e-commerce website available to Maryland consumers, operates or promotes retail locations serving Maryland consumers, and sent or caused to be sent commercial electronic mail messages to email addresses held by Maryland residents.

23.     The claims in this action arise from Defendant's purposeful marketing activities directed to Maryland residents, including Plaintiffs and members of the proposed class.

24.     Venue is proper in Baltimore City because Defendant carries on regular business in Baltimore City. Defendant regularly markets, advertises, sells, ships, and accepts returns of L.L.Bean products to and from Baltimore City consumers through its website, catalogs, commercial email program, and customer-service channels; accepts online orders from Baltimore City residents; collects and maintains Baltimore City shipping, billing, and email-marketing

5

information; processes payments from Baltimore City consumers; and derives revenue from Baltimore City transactions. The claims arise from Defendant's regular Baltimore City business, including Defendant's commercial email marketing to Plaintiff Kahn at his Baltimore City residence and to other Baltimore City consumers.

## IV. FACTUAL ALLEGATIONS

### A. Defendant's Email Marketing

25. Defendant sells clothing, outerwear, footwear, outdoor equipment, bags, travel products, home goods, gifts, and related consumer products directly to consumers through its website, www.llbean.com, retail stores, catalogs, and related marketing channels.

26. Defendant's marketing includes commercial electronic mail messages to consumers who are on the L.L.Bean email marketing list.

27. Defendant uses email subject lines to advertise discounts, sales, limited-time offers, holiday promotions, Christmas-shipping deadlines, free-shipping offers, promotional credits, local-store promotions, percentage-off offers, and other commercial offers.

28. The subject line of a marketing email is important. A subject line is designed to induce the recipient to open the email, engage with the marketing message, visit the seller's website, visit a retail store, and make a purchase.

29. Defendant controls its promotional calendar, the content of its email subject lines, the timing of its email campaigns, the scope of its free-shipping offers and promotional credits, and the decision whether to extend, reinstate, continue, or replace a promotional offer or shipping deadline.

30. Defendant knew, or should have known, whether its advertised promotions and shipping deadlines were actually ending when represented in the subject lines of its emails.

31. Representative emails identify the sender as "L.L.Bean," use the sender address info@e4.llbean.com, list llbean@llbean.com as the reply-to address, and identify L.L.Bean Inc. at 15 Casco Street, Freeport, Maine 04033.

6

32. A representative December 20, 2024 email to Plaintiff Kahn promoted L.L.Bean products and included links to clothing, outerwear, footwear, outdoor equipment, bags and travel, home goods, and gifts. The same email also promoted L.L.Bean's Pike & Rose Retail Store at 925 Rose Ave, North Bethesda, Maryland 20852-8688, supporting the inference that Defendant knew or should have known it was sending promotional emails to a Maryland recipient and was targeting Maryland consumers.

33. The footer of a representative email states that the recipient had agreed to receive L.L.Bean email updates at the recipient's personal email address and provides unsubscribe and email-preference links. Defendant therefore maintained information associating Plaintiffs' email addresses with its marketing program.

34. Fine-print terms or offer conditions within the body or footer of an email did not cure false or misleading subject lines. Maryland's Commercial Electronic Mail statute regulates false or misleading information in the subject line itself, and reasonable recipients were not required to open the email and parse the body, footer, or offer terms to learn that supposedly expiring promotions or shipping deadlines could be altered, extended, continued, or reinstated.

**B.   Defendant's False and Misleading Subject Lines**

35. Defendant sent commercial emails with subject lines representing that promotions, free-shipping offers, Christmas-shipping deadlines, promotional credits, discounts, or other commercial offers were ending soon, ending that night, ending the next day, in their last chance period, available only for a short period, or otherwise time-limited.

36. Defendant then sent additional commercial emails extending, continuing, reinstating, or materially replicating the same or materially similar promotions, free-shipping offers, Christmas-shipping deadlines, promotional credits, discounts, or other commercial offers shortly after the supposedly expiring offers were represented to be ending.

37. The following emails are representative examples of Defendant's challenged email marketing. Plaintiff Kahn received and retained the 2023, 2024, and 2025 emails identified below

7

natively; Plaintiff Fitzpatrick received and retained the December 2025 emails identified below natively. The examples are not exhaustive.

| Campaign | Date | Subject Line / Related Preview Text |
|---|---|---|
| December 2025 $10 / free-shipping offer | Dec. 14, 2025 | $10 Off + FREE Shipping, On Us! |
| December 2025 $10 / free-shipping offer | Dec. 15, 2025 | Psst...Last Chance for $10 + FREE Shipping |
| December 2025 $10 / free-shipping offer | Dec. 16, 2025 | Free Shipping EXTENDED |
| December 2025 free-shipping offer | Dec. 18, 2025 | Final Day! FREE Shipping Ends Tonight |
| December 2025 free-shipping offer | Dec. 18, 2025 | Still Time! Last Call for FREE Shipping |
| December 2025 Christmas-shipping offer | Dec. 19, 2025 | Order by TOMORROW for Christmas Delivery |
| December 2025 Christmas-shipping offer | Dec. 20, 2025 | Last Sleigh Out! Christmas Shipping ENDS TONIGHT |
| December 2025 Christmas-shipping offer | Dec. 21, 2025 | Surprise! Christmas Shipping EXTENDED |
| December 2024 Christmas-shipping offer | Dec. 18, 2024 | Last-Minute Magic! We're Still Shipping for Christmas |
| December 2024 Christmas-shipping offer | Dec. 19, 2024 | Order by TOMORROW for Christmas Delivery |
| December 2024 Christmas-shipping offer | Dec. 20, 2024 | Joy Delivered! Christmas Shipping Ends Tonight + $10 Reward Inside |
| December 2024 Christmas-shipping offer | Dec. 21, 2024 | Extended! One More Day for Christmas Delivery |
| December 2023 free-shipping / Christmas-delivery offer | Dec. 14, 2023 | Don't Miss This! Your Gifts Ship FREE This Week / Subheader: Order by Monday, 12/18, for free shipping (no minimums!) and delivery before Christmas |
| December 2023 free-shipping / Christmas-delivery offer | Dec. 15, 2023 | Christmas Shipping Deadline EXTENDED / Subheader: Now, order by TUESDAY, 12/19 for FREE SHIPPING and on-time delivery |
| December 2023 free-shipping / Christmas-delivery offer | Dec. 17, 2023 | 3 Days Left for FREE SHIPPING / Subheader: Get your gifts shipped for free and under your tree when you order by Tuesday, 12/19 |
| December 2023 free-shipping / Christmas-delivery offer | Dec. 18, 2023 | Ends Tomorrow! FREE SHIPPING + Christmas Delivery / Subheader: Still shopping? Don't wait - order by Tuesday, 12/19, at Midnight ET |
| December 2023 free-shipping / Christmas-delivery offer | Dec. 19, 2023 | YAY! One More Day to Get Gifts On Time / Subheader: Order by WEDNESDAY, 12/20, at midnight ET for FREE SHIPPING + delivery by Christmas |
| December 2023 free-shipping / Christmas-delivery offer | Dec. 20, 2023 | Tomorrow's Too Late! Order by MIDNIGHT for Christmas Delivery / Subheader: This. Is. It. Order TODAY for free shipping AND delivery in time for Christmas |

38.    For example, in December 2025, Defendant sent Plaintiffs commercial emails representing that a $10-off and free-shipping offer was in its last chance period or otherwise expiring. On December 15, 2025, Defendant sent Plaintiffs an email with the subject line, "Psst...Last Chance for $10 + FREE Shipping." Reasonable recipients would understand that subject line to mean that the advertised $10-off and free-shipping offer was about to end.

8

39.     But on December 16, 2025, Defendant sent Plaintiffs an email with the subject line, "Free Shipping EXTENDED." Thus, the same or materially similar free-shipping offer was not ending as represented. Instead, Defendant extended or continued the same or materially similar offer after representing that recipients were in their last chance period.

40.     Defendant then repeated the same false-urgency pattern within the same December 2025 holiday campaign. On December 18, 2025, Defendant sent Plaintiffs emails stating "Final Day! FREE Shipping Ends Tonight" and "Still Time! Last Call for FREE Shipping." Reasonable recipients would understand those subject lines to mean that the advertised free-shipping offer was ending that night or in its last call period.

41.     Defendant also represented that Christmas shipping was ending. On December 19, 2025, Defendant sent Plaintiffs an email with the subject line, "Order by TOMORROW for Christmas Delivery." On December 20, 2025, Defendant sent Plaintiffs an email with the subject line, "Last Sleigh Out! Christmas Shipping ENDS TONIGHT." Reasonable recipients would understand those subject lines to mean that the Christmas-shipping deadline was ending the next day or ending that night.

42.     But on December 21, 2025, Defendant sent Plaintiffs an email with the subject line, "Surprise! Christmas Shipping EXTENDED." Thus, the Christmas-shipping offer or deadline was not ending on December 20, 2025 as represented. Instead, Defendant extended or continued the same or materially similar shipping offer after representing that Christmas shipping ended that night.

43.     Defendant used the same false-urgency pattern in December 2024. On December 19, 2024, Defendant sent Plaintiff Kahn an email stating "Order by TOMORROW for Christmas Delivery." On December 20, 2024, Defendant sent Plaintiff Kahn an email with the subject line, "Joy Delivered! Christmas Shipping Ends Tonight + $10 Reward Inside." Reasonable recipients would understand those subject lines to mean that the Christmas-shipping deadline was ending the next day or ending that night.

9

44.    But on December 21, 2024, Defendant sent Plaintiff Kahn an email with the subject line, "Extended! One More Day for Christmas Delivery." Thus, the Christmas-shipping offer or deadline was not ending on December 20, 2024 as represented. Instead, Defendant extended or continued the same or materially similar shipping offer after representing that Christmas shipping ended that night.

45.    Defendant also used similar urgency and extension language in December 2023. On December 14, 2023, Defendant told Plaintiff Kahn that gifts would ship free that week and that he needed to order by Monday, December 18, for free shipping and delivery before Christmas. On December 15, 2023, Defendant stated "Christmas Shipping Deadline EXTENDED" and represented that the deadline had moved to Tuesday, December 19. On December 19, 2023, Defendant again stated "YAY! One More Day to Get Gifts On Time" and represented that recipients could order by Wednesday, December 20, for free shipping and delivery by Christmas.

46.    These examples demonstrate Defendant's practice of using commercial email subject lines to create false urgency by telling recipients that free-shipping offers, Christmas-shipping deadlines, promotional credits, discounts, or other offers were ending, expiring, in their last chance period, ending that night, ending the next day, or otherwise time-limited, and then extending or continuing the same or materially similar offers after the stated deadlines.

47.    Reasonable recipients of these emails would believe that, if they did not act before the advertised deadline, the promotion, free-shipping offer, Christmas-shipping opportunity, promotional credit, discount, or other offer would end and they would lose the opportunity to receive the advertised terms.

48.    Defendant's subject lines were false or misleading because the same or materially similar promotions, free-shipping offers, Christmas-shipping opportunities, promotional credits, discounts, or other offers were extended, continued, reinstated, or materially replicated shortly after the stated deadlines.

49. Defendant's "Last Chance," "Final Day," "Last Call," "ENDS TONIGHT," "Order by TOMORROW," "Tomorrow's Too Late," "EXTENDED," "One More Day," and similar subject lines were not isolated mistakes or one-off extensions. They were part of recurring promotional campaigns that used urgency language to increase email opens, website traffic, store visits, and purchases.

50. On information and belief, based on the repeated timing of Defendant's campaigns, Defendant's use of "EXTENDED," "One More Day," and similar extension language, and Defendant's control over its promotional calendar and shipping offers, Defendant planned, approved, authorized, reasonably anticipated, or at minimum lacked a reasonable basis to rule out that the same or materially similar promotions, free-shipping offers, Christmas-shipping opportunities, promotional credits, discounts, or other offers would be extended, continued, reinstated, or materially replicated shortly after the stated deadlines.

51. At minimum, Defendant lacked a reasonable basis to represent in the challenged subject lines that the advertised promotions, free-shipping offers, Christmas-shipping opportunities, promotional credits, discounts, or other offers were genuinely ending, expiring, in their last chance period, or ending that night when Defendant controlled the promotional calendar and then extended, continued, reinstated, or materially replicated the offers shortly after the stated deadlines.

52. Defendant's use of "EXTENDED," "One More Day," and similar language in later subject lines supports the inference that the later offers were not meaningfully new or unrelated promotions, but continuations, extensions, reinstatements, or material replications of the same or materially similar offers Defendant had just represented were ending.

53. The repeated pattern across Defendant's 2023, 2024, and 2025 holiday and free-shipping campaigns supports the inference that Defendant's stated deadlines were marketing devices rather than genuine limitations on the advertised offers.

C. **Defendant Knew or Should Have Known the Emails Were Sent to Maryland**

**Residents**

54.     Defendant knew or should have known that the commercial emails at issue were sent to email addresses held by Maryland residents, including Plaintiffs and members of the proposed class.

55.     Defendant is registered to do business in Maryland and maintains a Maryland resident agent. Defendant markets and sells products to Maryland consumers, including through its website, catalogs, retail operations, and email-marketing program.

56.     Defendant collects and maintains customer and marketing information, including names, email addresses, shipping addresses, billing addresses, purchase history, account information, marketing preferences, offer-redemption information, store-location information, and information concerning consumers' interactions with Defendant's website and marketing emails.

57.     Plaintiff Kahn purchased from L.L.Bean online, including on or about December 12, 2024 and December 10, 2025, while residing at his current Baltimore City address. Defendant therefore knew or should have known that Plaintiff Kahn's personal email address was associated with a Maryland resident.

58.     A representative email sent to Plaintiff Kahn promoted Defendant's Pike & Rose Retail Store in North Bethesda, Maryland, including the store address and store-hours link. This supports the inference that Defendant knew or should have known that Plaintiff Kahn was a Maryland recipient and that Defendant used location information to market to Maryland consumers.

59.     The footer of representative emails states that the message was sent to the recipient and provides email-preference and unsubscribe links. Defendant therefore maintained information associating Plaintiffs' email addresses with its marketing program.

60.     For consumers who purchase products, create accounts, join marketing programs, use Defendant's website, interact with Defendant's emails, redeem promotional codes, visit stores,

12

or otherwise engage with Defendant's marketing, Defendant can associate email addresses with location information, including state-level location information.

61.    On information and belief, Defendant also uses standard e-commerce and email-marketing tools, including cookies, pixels, tags, analytics, device identifiers, IP addresses, time-zone information, customer databases, email service providers, purchase histories, shipping records, billing records, store-location data, and similar technologies that can identify or approximate a recipient's location, including whether the recipient is located in Maryland.

62.    Defendant benefits from identifying where its customers and email recipients are located because location information helps Defendant market, advertise, ship, tax, personalize, analyze, and measure its commercial activities.

63.    Defendant therefore knew or should have known that the emails at issue were being sent to email addresses held by Maryland residents, including Plaintiffs and members of the proposed class.

**D.    Plaintiff Zachary Kahn**

64.    Plaintiff Zachary Kahn is a Maryland citizen residing and domiciled in Baltimore City.

65.    Plaintiff Kahn received Defendant's commercial electronic mail messages at issue in this case while he was in Maryland.

66.    Plaintiff Kahn received L.L.Bean promotional emails natively in his personal email inbox. Plaintiff Kahn received and retained the 2023, 2024, and 2025 L.L.Bean emails identified above.

67.    The emails Plaintiff Kahn received advertised Defendant's goods and services for sale and were commercial electronic mail messages under Maryland law.

68.    The subject lines of the emails Plaintiff Kahn received contained false or misleading information with the capacity, tendency, or effect of deceiving recipients, including by misrepresenting the duration, expiration, finality, or availability of Defendant's free-shipping

13

offers, Christmas-shipping deadlines, promotional credits, discounts, promotions, or other commercial offers.

69.     Plaintiff Kahn purchased from L.L.Bean online, including on or about December 12, 2024 and December 10, 2025. Plaintiff Kahn does not recall creating an L.L.Bean online account and has not located evidence that he maintained one. Plaintiff Kahn does not remember agreeing to L.L.Bean's online terms or any arbitration agreement or class-action waiver. Plaintiff Kahn is not aware of having agreed to any arbitration agreement or class-action waiver with Defendant in connection with his receipt of L.L.Bean promotional emails.

E.     **Plaintiff John Fitzpatrick**

70.     Plaintiff John Fitzpatrick is a Maryland citizen residing in Sykesville, Maryland.

71.     Plaintiff Fitzpatrick received Defendant's commercial electronic mail messages at issue in this case while he was in Maryland.

72.     Plaintiff Fitzpatrick has received L.L.Bean promotional emails for at least five years and has been an L.L.Bean customer for decades. Plaintiff Fitzpatrick received L.L.Bean promotional emails natively in his personal email inbox. Plaintiff Fitzpatrick received and retained representative L.L.Bean emails dating back to at least November 2025, including the December 2025 L.L.Bean emails identified above.

73.     The emails Plaintiff Fitzpatrick received advertised Defendant's goods and services for sale and were commercial electronic mail messages under Maryland law.

74.     The subject lines of the emails Plaintiff Fitzpatrick received contained false or misleading information with the capacity, tendency, or effect of deceiving recipients, including by misrepresenting the duration, expiration, finality, or availability of Defendant's free-shipping offers, Christmas-shipping deadlines, promotional credits, discounts, promotions, or other commercial offers.

75.     Plaintiff Fitzpatrick purchased from L.L.Bean online, as far as he knows. Plaintiff Fitzpatrick does not remember agreeing to L.L.Bean's online terms or any arbitration agreement

14

or class-action waiver. Plaintiff Fitzpatrick is not aware of having agreed to any arbitration agreement or class-action waiver with Defendant in connection with his receipt of L.L.Bean promotional emails.

## V.    CLASS ACTION ALLEGATIONS

76.    Plaintiffs bring this action pursuant to Maryland Rule 2-231 on behalf of themselves and the following class:

77.    All persons in Maryland who, within three years before the filing of this action through the date of class notice, received one or more commercial electronic mail messages from L.L.Bean containing a subject line that stated or implied that a sale, discount, free-shipping offer, Christmas-shipping deadline, promotional credit, price, promotion, or other commercial offer was ending, expiring, in its final hours, in its last day, ending that night, ending the next day, in its last chance or last call period, or otherwise time-limited, when the same or materially similar sale, discount, free-shipping offer, Christmas-shipping deadline, promotional credit, price, promotion, or other commercial offer was extended, continued, reinstated, or materially replicated shortly thereafter.

78.    Excluded from the Class are Defendant; Defendant's officers, directors, members, and employees; any entity in which Defendant has a controlling interest; Defendant's legal representatives, heirs, successors, and assigns; any judge assigned to this action and the judge's immediate family; and any person who timely and validly requests exclusion from the Class.

79.    The Class is so numerous that joinder of all members is impracticable. Defendant sent commercial emails as part of mass marketing campaigns to consumers, including Maryland consumers.

80.    There are questions of law and fact common to the Class, including whether Defendant sent or caused to be sent commercial electronic mail messages to email addresses held by Maryland residents; whether the challenged emails contained false or misleading information in the subject line; whether the subject lines had the capacity, tendency, or effect of deceiving

15

recipients; whether Defendant knew or should have known that the email addresses were held by Maryland residents; and the amount of statutory damages available under Maryland law.

81.    Plaintiffs' claims are typical of the claims of the Class because Plaintiffs and Class members received Defendant's commercial emails containing the same or materially similar false or misleading subject-line representations.

82.    Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have no interests antagonistic to the Class, have retained counsel experienced in consumer-protection and class-action litigation, and are committed to prosecuting this action on behalf of themselves and the Class.

83.    Common questions predominate over any questions affecting only individual Class members because the claims arise from standardized email marketing campaigns and common subject-line representations.

84.    A class action is superior to other available methods for fairly and efficiently adjudicating this controversy. The statutory damages for individual violations are relatively small compared to the burden and expense of individual litigation, and class treatment will permit efficient adjudication of common issues.

85.    Class treatment will promote efficiency, consistency, and judicial economy because the legality of Defendant's standardized email-marketing conduct can be determined in a single proceeding.

## VI.    CAUSE OF ACTION
### Count I
### Violation of Maryland Commercial Electronic Mail Statute
### Md. Code Ann., Com. Law §§ 14-3002(b)(2)(iii) and 14-3003
### On Behalf of Plaintiffs and the Class

86.    Plaintiffs reallege and incorporate all preceding paragraphs as if fully set forth herein.

87.    Defendant is a person within the meaning of Maryland's Commercial Electronic Mail statute.

16

88.     The emails at issue were commercial electronic mail because they advertised goods or services for sale.

89.     Defendant initiated, assisted in the transmission of, or conspired to initiate or assist in the transmission of commercial electronic mail to Plaintiffs and Class members.

90.     The emails at issue were sent to electronic mail addresses that Defendant knew or should have known were held by Maryland residents.

91.     The emails at issue contained false or misleading information in the subject line that had the capacity, tendency, or effect of deceiving recipients.

92.     Defendant's subject lines were false or misleading because they stated or implied that sales, discounts, free-shipping offers, Christmas-shipping deadlines, promotional credits, prices, promotions, or other commercial offers were ending, expiring, in their final hours, ending that night, ending the next day, in their last chance or last call period, or otherwise available only for a limited time, when the same or materially similar sales, discounts, free-shipping offers, Christmas-shipping deadlines, promotional credits, prices, promotions, or other commercial offers were later extended, continued, reinstated, or materially replicated.

93.     Defendant's conduct violated Md. Code Ann., Com. Law § 14-3002(b)(2)(iii).

94.     Under Md. Code Ann., Com. Law § 14-3003, Defendant is liable to Plaintiffs and Class members for statutory damages and reasonable attorneys' fees.

95.     Plaintiffs and Class members are entitled to statutory damages, attorneys' fees, costs, and all other relief available under Maryland law.

## VII.   CLAIM FOR ATTORNEYS' FEES AND RELATED EXPENSES

96.     Plaintiffs expressly seek attorneys' fees, costs, and related expenses recoverable under Md. Code Ann., Com. Law § 14-3003.

## VIII.   PRAYER FOR RELIEF

97.     Pursuant to Maryland Rule 2-305, Plaintiffs state that the amount sought in this action exceeds $75,000.

17

98.  WHEREFORE, Plaintiffs Zachary Kahn and John Fitzpatrick, individually and on behalf of all others similarly situated, respectfully request that the Court enter judgment in their favor and against Defendant and grant the following relief:

- Certify this action as a class action under Maryland Rule 2-231;

- Appoint Plaintiffs as class representatives;

- Appoint Plaintiffs' counsel as class counsel;

- Declare that Defendant's conduct violated Md. Code Ann., Com. Law §§ 14-3002(b)(2)(iii) and 14-3003;

- Award Plaintiffs and Class members statutory damages in the amount of $500 for each violative commercial electronic mail message;

- Award reasonable attorneys' fees and costs;

- Award pre-judgment and post-judgment interest as allowed by law;

- Award such other and further relief as the Court deems just and proper.

## IX.  JURY DEMAND

99.  Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

By: /s/ Vaughn Stewart
Vaughn Stewart (CPF No. 2305040018)
COULSON P.C.
300 River Place Dr., Ste. 1700
Detroit, MI 48207
Telephone: (313) 644-2685
Email: vstewart@coulsonpc.com

Counsel for Plaintiffs and the Proposed Class

18

C-24-CV-26-004678

E-FILED; Baltimore City Circuit Court
Docket: 7/7/2026 11:52 AM; Submission: 7/7/2026 11:52 AM
Envelope: 27228573

IN THE CIRCUIT COURT FOR Baltimore City (CC)

*City/County*

## CIVIL – NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Justice of the Supreme Court of Maryland pursuant to Rule 2-111(a).
*Defendant:* You must file an Information Report as required by Rule 2-323(h).
***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☒ PLAINTIFF ☐ DEFENDANT      CASE NUMBER _____
*(Clerk to insert)*

**CASE NAME:** Zachary Kahn, et al.                    VS.    L. L. Bean, Inc. d/b/a L.L.Bean
*Plaintiff*                                                         *Defendant*

**PARTY'S NAME:** Zachary Kahn and John Fitzpatrick          PHONE: _____

**PARTY'S ADDRESS:** c/o counsel

**PARTY'S E-MAIL:** c/o counsel

**If represented by an attorney:**

**PARTY'S ATTORNEY'S NAME:** Vaughn Stewart          PHONE: (313) 644 2685

**PARTY'S ATTORNEY'S ADDRESS:** 300 River Place Dr., Ste. 1700, Detroit, MI 48207

**PARTY'S ATTORNEY'S E-MAIL:** vstewart@coulsonpc.com

**JURY DEMAND?** ☒ Yes ☐ No

**RELATED CASE PENDING?** ☐ Yes ☒ No If yes, Case #(s), if known:_____

**ANTICIPATED LENGTH OF TRIAL?:** _____ hours 5 _____ days

### PLEADING TYPE

**New Case:** ☒ Original      ☐ Administrative Appeal      ☐ Appeal
**Existing Case:** ☐ Post-Judgment      ☐ Amendment
*If filing in an existing case,* skip Case Category/Subcategory section – go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Child Victims Act
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint – DOB of Youngest Plt:_____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt

☐ Fraud
☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property/ Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Worker's Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. – Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☒ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

CC-DCM-002 (Rev. 03/2026)                    Page 1 of 3

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☒ Court Costs/Fees
- ☒ Damages-Compensatory
- ☐ Damages-Punitive

- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Financial Exploitation
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☒ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory

- ☐ Judgment-Default
- ☒ Judgment-Interest
- ☐ Judgment-Summary
- ☐ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order

- ☐ Reinstatement of Employment
- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated **Liability** above,* mark one of the following. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.    ☐ Liability is not conceded, but is not seriously in dispute.    ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000    ☐ $10,000 - $30,000    ☐ $30,000 - $100,000    ☒ Over $100,000

☐ Medical Bills $_____    ☐ Wage Loss $_____    ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation        ☒ Yes ☐ No                 C. Settlement Conference    ☒ Yes ☐ No
B. Arbitration      ☐ Yes ☒ No                 D. Neutral Evaluation       ☐ Yes ☒ No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*
### *(Case will be tracked accordingly)*

- ☐ 1/2 day of trial or less
- ☐ 1 day of trial time
- ☐ 2 days of trial time
- ☐ 3 days of trial time
- ☐ More than 3 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited** - Trial within 7 months of Defendant's response        ☐ **Standard** - Trial within 18 months of Defendant's response

### EMERGENCY RELIEF REQUESTED

| COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR) |
|---|
| *FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.* |
| ☐ **Expedited** - Trial within 7 months of Defendant's response      ☐ **Standard** - Trial within 18 months of Defendant's response |

| *IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.* |
|---|

| CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE) | |
|---|---|
| ☐ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ Civil-Short | Trial 210 days from first answer. |
| ☐ Civil-Standard | Trial 360 days from first answer. |
| ☒ Custom | Scheduling order entered by individual judge. |
| ☐ Asbestos | Special scheduling order. |
| ☐ Lead Paint | Fill in: Birth Date of youngest plaintiff _____ . |
| ☐ Tax Sale Foreclosures | Special scheduling order. |
| ☐ Mortgage Foreclosures | No scheduling order. |

| CIRCUIT COURT FOR BALTIMORE COUNTY | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

July 7, 2026
_____
Date

300 River Place Dr., Ste. 1700
_____
Street Address

Detroit      MI      48207
_____
City      State      Zip Code

/s/ Vaughn Stewart      2305040018
_____
Signature of Attorney/Party      Attorney Number

Vaughn Stewart
_____
Printed Name

vstewart@coulsonpc.com
_____
E-mail

**CC-DCM-002** (Rev. 03/2026)        Page 3 of 3